# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **EDWARD THOMAS KENNEDY,** : | |
| **Plaintiff,** : | |
| : | |
| v. : | **CIVIL ACTION NO. 18-CV-4086** |
| : | |
| **MONSANTO COMPANY,** *et al.*, : | |
| **Defendants.** : | |

## MEMORANDUM

**SCHMEHL, J. /s/ JLS**                                                            **SEPTEMBER 26, 2018**

*Pro se* Plaintiff Edward Thomas Kennedy, a frequent litigant in this Court, brings this civil action against the Monsanto Company, Hugh Grant, the Commonwealth of Pennsylvania, the PPL Corporation, Joanne H. Raphael, Crawl Space Repair, Dennis Koze, and Kate E. M. Tercha. He has also filed a Motion for Leave to Proceed *In Forma Pauperis*. (ECF No. 1.) For the following reasons, the Court will grant Kennedy leave to proceed *in forma pauperis* and dismiss his Complaint for lack of subject matter jurisdiction.

## I. FACTS

Kennedy rents "room number 5, second floor" of a house located in Breinigsville, Pennsylvania. (Compl. at 4.) He pays $620.00 per month. (*Id.* at 3.) His rent includes "shared space of its kitchen, two bathrooms, two showers, laundry and community room." (*Id.* at 4.) The rent payment also "includes uncovered parking, weekly garbage service, oil heat, an air conditioning unit, electricity, use of a washer and dryer, internet access, cable TV and paper products." (*Id.*) Kennedy pays rent "directly to Koze" at the same home. (*Id.*) According to Kennedy, Koze is the property manager and rental agent for Tercha, who holds the deed to the home and the farmland surrounding it. (*Id.* at 3.)

Kennedy claims that on September 17, 2018, he received seven communications from Koze, in which Koze "accused [him] of crimes, and threatened [him] with eviction based on his allegation of crimes by [Kennedy]." (*Id.* at 7.) According to Kennedy, Koze wrote, "Please immediately find your own place somewhere else." (*Id.*) Kennedy notified Tercha and her attorney "about Koze's bad acts and intentions to evict and harm [him]." (*Id.*) He also alleges that Koze and Tercha failed to provide him "with a private, secure mailbox," causing him to not receive "legal papers from a court of law because there is no secure U.S. mail delivery" for him at the home. (*Id.* at 8.) He further asserts that because of the lack of secure mailboxes, "other tenants are aware of [his] private legal, health and financial matters." (*Id.* at 10.)

Kennedy goes on to complain about the living conditions at his home. He alleges that Koze "practices medicine without a license in the shared space community room, and the medical devices such a[s] syringes used to draw human blood from patients by Koze do not comply with government regulations." (*Id.* at 8.) According to Kennedy, the "shared space kitchen and bathroom are unsanitary and are no longer kept clean, and may be at times contaminated from the unsterilized medical equipment and devices, which are also not disposed properly." (*Id.*) He also alleges that "[m]odern [f]ire protection is non-existent" at the residence. (*Id.*) Kennedy further complains that "[l]ead and other toxins are present in the . . . ceiling and walls," and that there is mold in the kitchen. (*Id.*) He indicates that "[c]urrent tenants cough often, and may have severe health problems due to the toxins." (*Id.* at 9.) Three former tenants have complained to him about the toxins. (*Id.*)

Kennedy also alleges that the residence has exposed electrical wires that "violate national standards and are a probable fire hazard, and do not comply with modern building codes." (*Id.*) He states that he is "harmed by radiation from PPL Corporation Smart Meter, which is located

proximate to [his] room on the second floor." (*Id.*) Kennedy also complains about Koze's Crawl Space Repair business, which "burns toxic materials including but not limited to rotted beams, damaged floor joists, sill plates, box sills, old damaged insulation, and mildew and fungus growth from his customer[s'] homes." (*Id.*) The fumes from these materials apparently enter Kennedy's room. (*Id.* at 10.) Kennedy also asserts that Tercha, as part of her farming operations, uses "toxic chemicals from Defendant Monsanto Company," and that he has been injured by the fumes. (*Id.*) Finally, Kennedy faults Koze for "falsely advertis[ing] [the] conditions of the rental on craigslist.com in the Fall of 2016." (*Id.* at 11.)

Kennedy asserts ten (10) causes of action in his Complaint: (1) trespass; (2) trespass on the case; (3) trespass on the case—vicarious liability; (4) intentional infliction of emotional distress; (5) negligence; (6) failure to provide safe living conditions; (7) failure to provide safe health conditions; (8) privacy violations; (9) failure to comply with US postal regulations; and (10) false advertising. (*Id.* at 2-11.) He asserts that he is invoking this Court's diversity jurisdiction. (*Id.* at 1-2.) Kennedy seeks declaratory and injunctive relief, as well as damages. (*Id.* at 12-14.)

## II. STANDARD OF REVIEW

The Court will grant Kennedy leave to proceed *in forma pauperis* because it appears that he is incapable of paying the fees to commence this civil action. Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the Court to dismiss the Complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a

3

claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). Conclusory statements and naked assertions will not suffice. *Id.* Moreover, "if the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). As Kennedy is proceeding *pro se*, the Court construes his allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

**III. DISCUSSION**

As noted above, Kennedy asserts that he is invoking this Court's diversity jurisdiction in order to bring this suit.[1] (Compl. at 1-2.) The Court has the authority to examine such jurisdiction *sua sponte*. *See Group Against Smog and Pollution, Inc. v. Shenango, Inc.*, 810 F.3d 116, 122 n.6 (3d Cir. 2016) (explaining that "an objection to subject matter jurisdiction may be raised at any time [and] a court may raise jurisdictional issues *sua sponte*"). Kennedy bears the burden of establishing federal jurisdiction. *See Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 105 (3d Cir. 2015) ("The burden of establishing federal jurisdiction rests with the party asserting its existence." (citing *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342 n.3 (2006))).

---

[1] In his Complaint, Kennedy vaguely alleges that Koze and Tercha failed to comply with US postal regulations by not providing him "with a private, secure mailbox." (Compl. at 10.) Kennedy fails to state what regulation was allegedly violated. Moreover, Kennedy does not describe, and the Court does not discern, how a private citizen's failure to follow a postal regulation could give rise to a federal cause of action. At most, Kennedy's allegation regarding the failure to follow postal regulations gives rise to a state law cause of action, as "[t]he failure to follow a federal regulation may be negligence per se 'if, under state law criteria, it may be considered the kind of . . . regulation violation of which is negligence *per se*.'" *Cecile Indus., Inc. v. United States*, 793 F.2d 97, 99 (3d Cir. 1986) (quoting *Schindler v. United States*, 661 F.2d 552, 560-61 (6th Cir. 1981); *see also Karle v. Nat'l Fuel Gas Distrib. Corp.*, 448 F. Supp. 753, 767 (W.D. Pa. 1978) (noting that "[t]he violation of a federal statute or regulation may provide the basis for a finding of liability under Pennsylvania law provided three elements are present: 1) the statute or regulation must clearly apply to the conduct of the defendant; 2) the defendant must violate the statute or regulation; and 3) the violation of the statute must proximately cause the plaintiff's injuries").

4

Pursuant to 28 U.S.C. § 1332(a), a district court has jurisdiction over a case in which "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest or costs, and is between . . . citizens of different States." Section 1332(a)(1) requires "'complete diversity between all plaintiffs and all defendants,' even though only minimal diversity is constitutionally required. This means that, unless there is some other basis for jurisdiction, 'no plaintiff [may] be a citizen of the same state as any defendant.'" *Lincoln Ben. Life Co.*, 800 F.3d at 104 (quoting *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 86 (2005) and *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 419 (3d Cir. 2010) (internal footnotes omitted)). Here, Kennedy states that he "is one of the people of Pennsylvania." (Compl. at 2.) While he does not provide citizenship information for all of the Defendants, he does state that Crawl Space Repair is incorporated in Pennsylvania and has its registered location in Monroe County, Pennsylvania. (*Id.* at 3.) He also indicates that Koze resides in Breinigsville, PA. (*Id.*) Given these statements, Kennedy's Complaint fails to establish diversity jurisdiction, as complete diversity does not exist.

## IV.   CONCLUSION

For the foregoing reasons, the Court will grant Kennedy leave to proceed *in forma pauperis* and dismiss his Complaint for lack of subject-matter jurisdiction. This dismissal will be without prejudice to Kennedy's right to refile his claims in state court. Kennedy will not be permitted to file an amended complaint in this action. An appropriate Order follows.

                              **BY THE COURT:**

                              **/s/ Jeffrey L. Schmehl**
                              **JEFFREY L. SCHMEHL, J.**